UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**FILED**

02 MAR -7 AM 9:52

U.S. DISTRICT COURT
N D (  ALABAMA

| | | |
|---|---|---|
| SHERRY D. STINSON and JEFFREY K. STINSON, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Civil Action No. CV-02-S-0418-NE |
| WIZARD TRANSPORTATION, INC.; KEITH R. ARNOLD; GUIDEONE MUTUAL INSURANCE COMPANY, et al., | ) ) ) ) ) ) | |
| Defendants. | ) | |

ENTERED

MAR - 7 2002

## MEMORANDUM OPINION

This action was removed from the Circuit Court of Cullman County, Alabama, by two of the three defendants named in plaintiffs' state court complaint. Due to apparent defects in the notice of removal, this court undertakes *sua sponte* a review of the propriety of its jurisdiction, because "it is the duty of the court to determine on its own motion whether it has jurisdiction of any case before it." *Kutner v. Kutner*, 656 F.2d 1107, 1110 (5th Cir. 1981);[1] *see also, e.g., Employers Mutual Casualty Co. v. Evans,* 76 F. Supp. 2d 1257, 1259 (N.D. Ala. 1999) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

Plaintiffs, Sherry D. Stinson and Jeffrey K. Stinson, were involved in an automobile accident during May of 2001, allegedly caused by defendant Keith R. Arnold, who was driving a vehicle owned by defendant Wizard Transportation, Inc.[2] Plaintiffs filed suit against Arnold, Wizard Transportation, and Guideone Mutual Insurance Company (the plaintiffs' own insurance carrier) in the Circuit Court of Cullman County, Alabama, on January 11, 2002. Plaintiffs asserted claims of

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

[2] Complaint at Count One, ¶ 3.



negligence, wantonness, and loss of consortium against defendants Arnold and Wizard Transportation,[3] along with a claim for uninsured or underinsured motorist benefits against their own insurance carrier, Guideone.[4] Defendants Arnold and Wizard Transportation — allegedly the only defendants served with copies of the state court complaint and summons[5] — subsequently removed the action to this court on February 19, 2002, invoking the court's diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441.

## I. DISCUSSION

### A.    Defendants' Unanimous Consent to Removal

Removal of actions instituted in state court implicates fundamental concerns of state sovereignty and federalism. Accordingly, removal statutes are strictly construed. *See Miles v. Kilgore*, 928 F. Supp. 1071, 1075 (N.D. Ala. 1996) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Fitzgerald v. Seaboard System R.R., Inc.*, 760 F.2d 1249 (11th Cir. 1985)). Any civil action brought in a state court may be removed, provided the district court has original jurisdiction of the controversy. *See* 28 U.S.C. § 1441(a); *Ayres v. General Motors Corp.*, 234 F.3d 514, 517 (11th Cir. 2000). "[T]he burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)).

This burden requires the removing defendants to comply with the "unanimity rule": that is,

---

[3] *See id.* at Counts One, Two, and Four, respectively.

[4] *See id.* at Count Three.

[5] *See* Notice of Removal ¶ 4 ("Upon information and belief, the Defendant, GUIDEONE MUTUAL INSURANCE COMPANY, *although not yet served*, is a resident of the State of Georgia ....") (emphasis supplied).

to demonstrate, pursuant to 28 U.S.C. § 1446(b), that *all* defendants properly joined and served have

consented to removal. *See Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1044

(11th Cir. 2001); *In re Federal Savings and Loan Insurance Corporation*, 837 F.2d 432, 434 n.2

(11th Cir. 1988) (citing cases); *Miles*, 928 F. Supp. at 1076 (same). Consent must be deliberate;

courts will not permit the "mere bald, unsupported assertion in a notice of removal by one removing

defendant that all the other defendants consent to the removal." *Miles*, 928 F. Supp. at 1076.

Despite the removing defendants' assertions to the contrary,[6] an independent review of the

public records maintained by the Clerk of the Cullman County, Alabama Circuit Court evidences

that all defendants in this action were properly served by certified mail on the following dates:

| | |
|---|---|
| Keith R. Arnold | January 25, 2002; |
| *Guideone Mutual Insurance Company, Inc.* | January 28, 2002; |
| Wizard Transportation, Inc. | February 8, 2002.[7] |

Moreover, it appears that Guideone subsequently filed a "discovery certificate" with the Cullman

County Circuit Court on February 8, 2002 — eleven days before defendants Arnold and Wizard

Transportation removed this action — in order to make the state court aware that it had mailed its

first set of interrogatories and requests for production of documents to plaintiffs.

The Eleventh Circuit has characterized a removing defendant's failure to obtain unanimous

consent of all defendants properly joined and served as a "defect in the removal process." *In re:*

*Bethesda Memorial Hospital, Inc.*, 123 F.3d 1407, 1410 (11th Cir. 1997). Remand based on this

---

[6] *See supra* note 5 and accompanying text.

[7] According to the clerk of the Cullman County Circuit Court, Wizard Transportation likely was served prior to February 8, 2002, because that date reflects the second service effected on that defendant. The first certified mail service return card that arrived in the Cullman County Circuit Court clerk's office was unsigned; as a result, the clerk's office served defendant Wizard Transportation a second time, which resulted in a return receipt card dated February 8, 2002.

procedural defect is proper in response to a plaintiff's motion to remand, but that motion must be initiated "within thirty days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c); *see also Whole Health Chiropractic & Wellness, Inc. v. Humana Medical Plan, Inc.*, 254 F.3d 1317, 1321 (11th Cir. 2001). No such motion has been filed by plaintiffs as of the date of this memorandum opinion, although the court notes that plaintiffs have thirty days from February 19, 2002 — the date of filing of the notice of removal — to do so.[8]

**B.     Defendants' Burden on Removal to Demonstrate the Statutorily Required Amount in Controversy**

Federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976); *see also, e.g., Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706, 716, 116 S.Ct. 1712, 1720, 135 L.Ed.2d 1 (1996); *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 15, 103 S.Ct. 927, 936, 74 L.Ed.2d 765 (1983); *First Franklin Financial Corp. v. McCollum*, 144 F.3d 1362, 1364 (11th Cir. 1998); *Lops v. Lops*, 140 F.3d 927, 942 (11th Cir. 1998). As a preliminary matter, however, that proposition begs the question: does this court have subject matter jurisdiction over the underlying controversy?

There is no question that the parties satisfy the complete diversity requirement of 28 U.S.C. § 1332(a)(1), as plaintiffs are citizens of the State of Alabama, and defendants Arnold and Wizard Transportation, Inc. are citizens of the State of Minnesota, where Wizard Transportation, Inc. also has its principal place of business.[9] Defendant Guideone Mutual Insurance Company allegedly is a citizen of the State of Georgia.[10]

---

[8] A plaintiff may acquiesce to federal jurisdiction, however, despite the procedural defect on removal. *See Whole Health Chiropractic & Wellness, Inc.*, 254 F.3d at 1321.

[9] *See* Notice of Removal ¶¶ 2-3.

[10] *See id.* ¶ 4; *supra* note 5.

It is uncertain, however, that defendants can satisfy the amount in controversy requirement embodied in § 1332(a).[11] This is because plaintiffs do not demand a specific amount of damages in any count of their complaint, but instead ask that a jury award them "such sums of compensatory and punitive damages as the jury may assess."[12] The amount in controversy is further uncertain because defendants make only a conclusory assertion in the notice of removal that this court "must find, with legal certainty, that a possible award will not yield more than $75,000.00, in this case," and that the court cannot make such a finding because plaintiffs seek compensatory and punitive damages.[13] The ambiguity of the amount in controversy is of importance, because the jurisdiction of this court is limited:  federal courts have the power to hear and determine only those actions authorized by the Constitution or Congress. *See, e.g., Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092 (11th Cir. 1994).

As a preliminary matter, the court is compelled to instruct defendants as to the proper standard of review on the amount in controversy question.

The removing defendants rely on a non-binding, 1989 decision from the United States District Court for the Southern District of Georgia for the proposition that this court "must find, *with legal certainty*, that a possible award will not yield more than $75,000.00."[14] In fact, even a cursory review of current, binding Eleventh Circuit case law reveals that where, as here, a plaintiff has made an *unspecified demand* for damages, the "proper balance between a plaintiff's right to choose his

---

[11] 28 U.S.C. § 1332(a) awards original jurisdiction to the district courts over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs...."

[12] Complaint at Counts One, Two, and Four (ad damnum clauses).

[13] Notice of Removal ¶¶ 10-11.

[14] *See id.* ¶ 10 (relying on *Locklear v. State Farm Mutual Insurance Co.*, 742 F. Supp. 679, 681 (S.D. Ga. 1989) (emphasis supplied)).

forum and a defendant's right to remove, without unnecessarily expanding federal diversity jurisdiction, is struck by a *preponderance of the evidence standard*," and a "low[] burden of proof is warranted because there is simply no estimate of damages to which a court may defer." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) (emphasis supplied), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)). Plainly stated,

> [i]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists. *See Tapscott*, 77 F.3d at 1356. *Where the plaintiff has not plead a specific amount of damages, ... the defendant is required to show ... by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied. See id.* at 1357.

*Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (emphasis supplied).

Consequently, defendants must demonstrate by competent evidence that this court has proper diversity jurisdiction under 28 U.S.C. § 1332(a) for the case to remain in federal court. Unsupported assumptions and conclusory allegations or assertions in the notice of removal that the jurisdictional amount is satisfied, "without setting forth the underlying facts supporting such an assertion, [are] insufficient to meet the defendant's burden." *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1319-20 (11th Cir. 2001)); *see also Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (concluding that removing defendant did not meet burden of proving amount in controversy where it offered "nothing more than conclusory allegations"); *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961) (stating that removing defendant must make "affirmative showing ... of all the requisite factors of diversity jurisdiction").

How, then, do the removing defendants meet this burden? The Eleventh Circuit recently addressed this question in *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316 (11th Cir. 2001). The plaintiff in *Williams* had made a demand for general, special, and punitive damages in unspecified

amounts.  Defendant Best Buy removed the action to the United States District Court for the

Northern District of Georgia on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332,

1441. On subsequent appeal, the Eleventh Circuit considered *sua sponte* the propriety of the district

court's diversity jurisdiction, because the notice of removal — as in this case — made only a

conclusory assertion that the amount in controversy was a "sum in excess of $75,000.00." *Id.* at

1317. The *Williams* Court emphasized that "the removing defendant must prove by a preponderance

of the evidence that the amount in controversy exceeds the jurisdictional requirement," but

acknowledged that the Eleventh Circuit had "not explicitly articulated the proper procedure for

determining the amount in controversy on removal." *Id.* at 1319.  Prior to its decision in *Williams*,

the Eleventh Circuit had "suggested" that "a district court may properly consider post-removal

evidence in determining whether the jurisdictional amount was satisfied at the time of removal."

*Id.* (citing *Sierminski v. Transouth Finance Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)).  The

*Williams* Court explicitly adopted the *Sierminski* approach, along with the Ninth and Fifth Circuit's

treatment of this issue:

> If the jurisdictional amount is not facially apparent from the complaint, *the court*
> *should look to the notice of removal and may require evidence relevant to the*
> *controversy at the time the case was removed.* ... We reiterate that the burden of
> proving jurisdiction lies with the removing defendant. A conclusory allegation in the
> notice of removal that the jurisdictional amount is satisfied, without setting forth the
> underlying facts supporting such an assertion, is insufficient to meet the defendant's
> burden ....

*Id.* at 1319-20 (emphasis supplied) (citations omitted).

It is not facially apparent from plaintiffs' complaint that the amount in controversy exceeds

$75,000, nor does the notice of removal satisfy this court that, if plaintiffs prevail, it is more likely

true than not true they will cross the jurisdictional threshold.  Accordingly, this court "may 'require

parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time

of removal.'" *Id.* at 1319 (quoting *Sierminski*, 216 F.3d at 949 (in turn quoting *Allen*, 63 F.3d at 1335-36)).  In fact, defendants are permitted to submit such evidence in support of a notice of removal, without being ordered by the court to do so.  *See, e.g., Fowler v. Safeco Insurance Co. of America*, 915 F.2d 616, 617 (11th Cir. 1990) ("Defendants have the opportunity to submit affidavits, depositions, or other evidence to support removal.") (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981)[15]); *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983) ("Both parties may submit affidavits and deposition transcripts.") (citing *B., Inc.*, 663 F.2d at 549), *superseded by statute as stated in Wilson v. General Motors Corp.*, 999 F.2d 779, 782 n.3 (11th Cir. 1989); *B., Inc.*, 663 F.2d at 549 ("In support of their removal petition, the defendants may submit affidavits and deposition transcripts ....").

In light of the foregoing discussion, and in the event plaintiffs do not file a motion to remand within the thirty day period provided for by 28 U.S.C. § 1447(c), the parties shall be ordered to engage in discovery limited to the issue of the damages claimed by plaintiffs in this action, and to submit briefs and supporting evidence to the court on the issue of amount in controversy as it pertains to the jurisdictional question.

DONE this 7th day of March, 2002.

United States District Judge

---

[15]While decisions of the Unit A panel of the former Fifth Circuit entered after October 1, 1981 are not binding precedent in the Eleventh Circuit, such decisions, nevertheless, are "persuasive." *United States v. Chapman*, 866 F.2d 1326, 1332 (11th Cir. 1989) (citing *Matthews v. United States*, 713 F.2d 677, 683 n.1 (11th Cir. 1983), and *Stein v. Reynolds Securities, Inc.* 667, F.2d 33, 34 (11th Cir. 1982)).